IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENDALL CLARKE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0572-WS-M |
| | ) |
| TANNIN, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

The complaint asserts both state and federal causes of action. Because the parties were not completely diverse when suit was filed, the Court does not possess diversity jurisdiction. (Doc. 1 at 1-4). The complaint asserts subject matter jurisdiction based solely on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, with the state claims falling within the Court's supplemental jurisdiction. (*Id*. at 4). The Court has by separate order resolved the defendants' motions for summary judgment. The Court granted the motions as to the only federal claim but denied the motions in part as to the state claims. (Doc. 145 at 35).

In general, "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Because the Court has dismissed all claims over which it has original jurisdiction, the Court has discretion to dismiss the remaining state claims under Section 1367(c). The Court afforded the parties an opportunity to file briefs addressing how the Court should exercise its discretion,

(Doc. 146), and they have done so. (Docs. 151, 152). The plaintiffs favor dismissal with leave to re-file in state court, (Doc. 152), while the defendants favor the Court's retention of supplemental jurisdiction. (Doc. 151).

In exercising its discretion under Section 1367(c), "the court should take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005) (internal quotes omitted); *accord Estate of Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1366 (11th Cir. 2010). However, "[w]e have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Insurance Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). This preference exists because, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The preference for declining supplemental jurisdiction is particularly strong when the federal claims "have dropped out of the lawsuit in its early stages." *Cohill*, 484 U.S. at 350. The preference, however, also applies when, as here, the federal claims are removed on motion for summary judgment. *See, e.g., Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *Murphy v. Florida Keys Electric Cooperative Association*, 329 F.3d 1311, 1320 (11th Cir. 2003); *Graham v. State Farm Mutual Insurance Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) ("If no federal claim survives summary judgment, the court sees no reason why the other claims should not be dismissed or remanded pursuant to 28 U.S.C. § 1367(c)(3).").[1] In such a situation,

---

[1] Other Eleventh Circuit cases affirming a trial court's decision to decline supplemental jurisdiction after dismissing all federal claims on motion for summary judgment include, without limitation, *Betts v. Hall*, 679 Fed. Appx. 810, 814 (11th Cir. 2017); *Okonkwo v. Callins Law Firm, LLC*, 668 Fed. Appx. 875, 876 (11th Cir. 2016); *Trigo v. City of Doral*, 663 Fed. Appx. 871, 875 (11th Cir. 2016); *Estate of Owens v. GEO Group, Inc.*, 660 Fed. Appx. 763, 775-77 (11th Cir. 2016); *Amerijet International, Inc. v. Miami-Dade County*, 627 Fed. Appx. 744, 754

considerations of comity and fairness among the parties continue to favor dismissal. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."). Thus, retention of jurisdiction will be indicated only if considerations of judicial economy and convenience favor such retention and do so with sufficient force to outweigh the continuing pull of comity and fairness towards dismissal.[2]

Impacts on judicial economy are measured in order to "support the conservation of judicial energy and avoid multiplicity in litigation" or "substantial duplication of effort." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 746 (11th Cir. 2006) (internal quotes omitted). The Court discerns no appreciable negative impact on judicial economy by dismissing the remaining state law claims for re-filing in state court. The defendants suggest it would be grossly inefficient for the litigation as to those claims to re-commence in state court, (Doc. 151 at 2-3), but the Court cannot agree. The defendants appear to assume that a new lawsuit would engender new discovery and motion practice, but they offer no reason to believe they could not persuade a state judge that the plaintiffs should not get two bites at that apple. They suggest the two remaining claims involve no novel or difficult state law questions, but the Court's order on motion for summary judgment makes clear that the defendants press a welter of legal defenses to the fraud

---

n.7 (11th Cir. 2015); *Maughon v. City of Covington*, 505 Fed. Appx. 818, 823 (11th Cir. 2013); *Finn v. Haddock*, 459 Fed. Appx. 833, 838 (11th Cir. 2012); *Handi-Van Inc. v. Broward County*, 445 Fed. Appx. 165, 170 (11th Cir. 2011); *Dockens v. DeKalb County School System*, 441 Fed. Appx. 704, 709 (11th Cir. 2011); *Linares v. Armour Correctional Health Services, Inc.*, 385 Fed. Appx. 926, 929 (11th Cir. 2010); *Dukes v. Georgia*, 212 Fed. Appx. 916, 917 (11th Cir. 2006); *Arnold v. Tuskegee University*, 212 Fed. Appx. 803, 811 (11th Cir. 2006); *Lingo v. City of Albany*, 195 Fed. Appx. 891, 894 (11th Cir. 2006); *Austin v. City of Montgomery*, 196 Fed. Appx. 747, 755 (11th Cir. 2006); and *Ingram v. School Board*, 167 Fed. Appx. 107, 108-09 (11th Cir. 2006).

[2] The defendants rely on a case from the Second Circuit that they believe offers an easier path forward, (Doc. 151 at 2), but the Court is bound by the rulings of the Supreme Court and Eleventh Circuit.

claim that admit of no easy solution and are thus apt for resolution by a state judge schooled in such matters.

As for convenience, the defendants are a resident of Baldwin County and a domestic corporation with its principal place of business in Baldwin County. (Doc. 1 at 3; Doc. 31 at 2; Doc. 34 at 1). Both are represented by counsel in Mobile. It is difficult to imagine how state litigation in Baldwin County could be meaningfully inconvenient to the defendants; certainly they identify no source of inconvenience.

The Court has repeatedly engaged in a similar analysis after all federal claims were dismissed on motion for summary judgment and decided not to exercise supplemental jurisdiction over remaining state claims in the absence of diversity jurisdiction.[3] This case offers no more compelling an argument for exercising supplemental jurisdiction than did those.

In summary, after weighing the relevant factors as identified and expounded upon by controlling authority, the Court concludes that it should exercise its discretion not to retain supplemental jurisdiction. In such a case, the proper course is to "dismis[s] [the state claims] without prejudice so that the claims may be refiled in the appropriate state court." *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999).

For the reasons set forth above, the Court exercises its discretion in favor of not retaining supplemental jurisdiction over the plaintiffs' remaining state law claims. This action is **dismissed without prejudice** to the plaintiffs' ability to re-file their claims for fraud and breach of fiduciary duty in the appropriate state court.[4]

DONE and ORDERED this 2nd day of April, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] *E.g., Dunavant v. Sirote and Permutt, P.C.*, 2014 WL 2885483 (S.D. Ala. 2014); *Dyas v. City of Fairhope*, 2011 WL 941496 (S.D. Ala. 2011); *Amazing Grace Bed & Breakfast v. Blackmun*, 2011 WL 777892 (S.D. Ala. 2011); *Young v. City of Gulf Shores*, 2009 WL 920302 (S.D. Ala. 2009).

[4] Because the Court granted the defendants summary judgment as to plaintiff Johnson's fraud claim, (Doc. 145 at 35), he of course may not re-file that claim in state court.